# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNISONE STRATEGIC IP, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRACELINK, INC., and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. 3:13-cv-1743-GPC-JMA <br><br> **ORDER LIFTING STAY** |

On April 2, 2014, this Court issued a stay pending ex parte reexamination of U.S. Patent No. 6,996,538 (the "'538 patent"). (ECF No. 34.) On November 26, 2014, Defendant Tracelink, Inc. ("Defendant") filed a notice that the United States Patent and Trademark Office (the "USPTO") had issued a reexamination certificate for the '538 patent. (ECF No. 42.) On December 18, 2014, Plaintiff Unisone Strategic IP, Inc. ("Plaintiff") filed a letter requesting that the Court schedule a Rule 16 conference. (ECF No. 46.) On January 5, 2015, Defendant filed a status report stating that Defendant is seeking covered business method ("CBM") review of the '538 patent pursuant to § 18(a) of the America Invents Act ("AIA"), Pub L. No. 112-29, 125 Stat. 284, 329–31 (2011). (ECF No. 49.) In a conference call to chambers, the parties expressed a difference of opinion as to whether the stay was still in effect.

The standard for a stay pending CBM review differs from the standard for a stay pending ex parte reexamination. *Compare Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d

404, 407 (W.D.N.Y. 1999) (noting the three common law factors that apply to reexamination stays) *with VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1310 (Fed. Cir. 2014) (noting the four statutory factors that apply to CBM review stays). While three of the factors overlap, the burden is still on the moving party to show that a stay is appropriate. *See Nken v. Holder*, 556 U.S. 418, 433–34 (2009). Moreover, stays pending ex parte reexamination are appealable only if the plaintiff is put "effectively out of court," whereas stays pending CBM review are always appealable. *Compare Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1354 (Fed. Cir. 2011) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 (1983)) *with* AIA § 18(b)(2). In light of the differing appellate standards and the fact that it is the moving party's burden to show that a stay is appropriate, the Court finds that the stay in this case has been lifted as the USPTO has concluded its ex parte reexamination of the '538 patent. If Defendant wishes to stay proceedings pending CBM review, it should file the appropriate motion with this Court.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. The stay of proceedings entered by this Court on April 2, 2014, (*see* ECF No. 34), is **LIFTED**;
2. Pursuant to the Patent Local Rules, the parties are directed to contact Magistrate Judge Adler's chambers regarding scheduling an Early Neutral Evaluation conference; and
3. As no ENE conference has yet taken place, Plaintiff's request for a Rule 16 conference, (ECF No. 46), is **DENIED**.

DATED: January 7, 2015

HON. GONZALO P. CURIEL
United States District Judge