1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

UNISONE STRATEGIC IP, INC.,

11

Plaintiff,

12

v.

13
14
15

TRACELINK, INC., and DOES 1
through 10, inclusive,

16

Defendants.

CASE NO. 3:13-cv-1743-GPC-JMA

**ORDER:**

**(1) GRANTING DEFENDANT'S MOTION TO STAY PENDING COVERED BUSINESS METHOD PATENT REVIEW;**

**(2) VACATING HEARING DATE**

**[ECF No. 54]**

17
18

## I. INTRODUCTION

19          On July 25, 2013, Plaintiff Unisone Strategic IP, Inc. ("Plaintiff") filed a

20   complaint for patent infringement, alleging Defendant Tracelink, Inc.'s ("Defendant")

21   software infringed U.S. Patent No. 6,996,538 (the "'538 patent"), which Plaintiff

22   allegedly owns by assignment.  (ECF No. 1.)  On January 6, 2014, Plaintiff filed the

23   current operative First Amended Complaint ("FAC"). (ECF No. 21.) On April 2, 2014,

24   the Court stayed this case pending ex parte reexamination proceedings. (ECF No. 34.)

25   On November 24, 2014, reexamination proceedings concluded with the certificate

26   reflecting amended claims. (ECF No. 49.) On January 7, 2015, the Court lifted the stay

27   pursuant to the conclusion of ex parte reexamination proceedings. (ECF No. 53.)

28          Before the Court is Defendant's Motion to Stay Pending Covered Business

Method Review. (ECF No. 54.) Plaintiff opposes. (ECF No. 57.) The Leahy-Smith America Invents Act (the "AIA") provides a "transitional program" to review covered business method ("CBM") patents. AIA § 18. The AIA further grants district courts authority to stay proceedings, pending CBM review before the U.S. Patent and Trademark Office (the "USPTO"), upon the consideration of four factors:

> (A)  whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;
>
> (B)  whether discovery is complete and whether a trial date has been set;
>
> (C)  whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and
>
> (D)   whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

*Id.* § 18(b)(1); *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1310 (Fed. Cir. 2014). The parties have fully briefed the motion. (ECF Nos. 54, 57, 58.) The Court finds the motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Upon review of the moving papers, admissible evidence, oral argument, and applicable law, the Court **GRANTS** Defendant's Motion to Stay Pending CBM Review.

## II. DISCUSSION

### A. Simplification

The first factor considers whether a stay will simplify the issues. AIA § 18(b)(1)(A). The CBM review in this case challenges 15 of the 96 claims in the '538 patent. (ECF No. 57-4, Ex. B, at 1.) Plaintiff argues that this factor does not favor a stay because: (1) "only 18%" of the claims are being challenged, and (2) the CBM review challenges the claims based on patentability. (ECF No. 57, at 3.) However, CBM review of less than all of a patent's claims can still simplify the issues. *Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1371–73 (Fed. Cir. 2014)

1  *vacated on other grounds by* — F.3d —, 2015 WL 981523 (Fed. Cir. Feb. 27, 2015).

2  Moreover, Defendant contends that the challenged claims are "representative" of other

3  claims in the '538 patent and thus CBM review will bear on more than 18% of the

4  claims. (ECF No. 58, at 1–3.) Thus the Court finds that the USPTO's CBM review will

5  simplify issues in this case and this factor favors a stay.

6  **B. Discovery and Trial Date**

7       The second factor considers whether discovery is complete and a trial date has

8  been set. AIA § 18(b)(1)(B). Discovery has not commenced in this case and a trial date

9  has not been set. (ECF No. 34, at 2.)

10  **C. Prejudice**

11       The third factor is whether the nonmoving party would be unduly prejudiced or

12  the moving party would gain a tactical advantage. AIA § 18(b)(1)(C). Plaintiff first

13  argues that Defendant's delay in bringing CBM review shows that it was "tactically

14  driven." (ECF No. 57 at 5.) However, as Defendant correctly points out, during that

15  period of delay, an ex parte reexamination was pending which could have resulted, and

16  did result, in amended claims (ECF No. 58, at 6.) Because the claims could change, it

17  would have been premature to petition for CBM review prior to the conclusion of ex

18  parte reexamination. Plaintiff next argues that its subsidiaries would be prejudiced by

19  a stay. (ECF No. 57, at 8.) As an initial matter, it is unclear whether Frequentz or

20  TradeMotion is a subsidiary or licensee of Plaintiff. Defendant argues that Frequentz

21  "appears to offer its products in the same or similar biotech and pharmaceutical

22  industries." (ECF No. 58, at 8.) For there to potentially be undue prejudice, two

23  companies must be direct competitors and Plaintiff has failed to show that, though they

24  may be in the same industries, Frequentz and TradeMotion are direct competitors with

25  Defendant. *See Segin Sys., Inc. v. Stewart Title Guar. Co.*, 30 F. Supp. 3d 476, 483

26  (E.D. Va. 2014). Accordingly, the Court finds that Plaintiff has not shown that it will

27  suffer undue prejudice or that Defendant would gain a tactical advantage.

28  / /

**D. Litigation Burden**

The fourth factor considers whether a stay would reduce the litigation burden. AIA § 18(b)(1)(D). Plaintiff contends that the litigation burden will not be reduced because Defendant can raise those same issues in this case. (ECF No. 58, at 13.) However, addressing patentability at the outset can reduce the litigation burden on this Court and the parties. *See Ultramercial Inc. v. HULU, LLC*, 772 F.3d 709, 718–19 (Fed. Cir. 2014) (Mayer, J., concurring). As all four factors favor a stay, the Court GRANTS Defendant's Motion to Stay Pending CBM Review.

### III. CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Stay Pending CBM Review, (ECF No. 55), is **GRANTED**. This case is therefore **STAYED** pending a final outcome of the CBM review before the USPTO;

2. Beginning **May 1, 2015**, Defendant is directed to file monthly reports as to the status of the CBM review proceedings; and

3. The hearing set for April 10, 2015, is **VACATED**.

DATED:  April 8, 2015

HON. GONZALO P. CURIEL
United States District Judge