UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNISONE STRATEGIC IP, INC.,<br><br>         Plaintiff,<br><br>v.<br><br>TRACELINK, INC.,<br><br>         Defendants. | CASE NO.: 3:13-cv-1743-GPC-LL<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>**[DKT. No. 118]** |

Plaintiff Unisone Strategic IP, Inc. ("Plaintiff" or "Unisone") has moved for leave to file a second amended complaint against Defendant TraceLink, Inc. ("Defendant"). ECF No. 118. No oppositions have been filed. Upon review of the moving papers, the Court finds that good cause exists to permit the filing of a Second Amended Complaint.

**I. Background**

On July 25, 2013, Plaintiff filed its initial Complaint asserting infringement of U.S. Pat. No. 6,996,538 ("the '538 patent") against Defendant. ECF No. 1. After a period of motion practice, Plaintiff filed a first amended complaint alleging infringement of that same patent on January 6, 2014. ECF No. 26. On January 16, 2014, Defendant

subsequently filed a Motion to Stay pending an *ex parte* reexamination of the '538 patent. ECF No. 27. The Court granted that motion and stayed this instant action on April 2, 2014, pending the reexamination of the '538 patent. ECF No. 34.

On December 5, 2014, Life Technology, Inc. ("Life Tech"), a defendant in a co-pending action before this Court, filed a petition requesting covered business method ("CBM") patent review of the '538 patent before the United States Patent and Trademark Office Patent Trial and Appeal Board ("PTAB"). CBM2015-0037. On April 8, 2015, the Court ordered that the instant action be stayed pending the final outcome of the CBM review proceedings. CBM2016-00025. Life Tech then filed a second petition requesting CBM patent review of the '538 patent before the PTAB on December 30, 2015. In total, Life Tech requested CBM review of claims 1, 14, 19, 22-28, 32, 34-36, 52, 62, 67, 70-76, 81, 83-85, and 96. *See* CBM2015-00037, Paper No. 1; CBM2016-00025, Paper No. 2. None of these challenged claims survived review and were thus declared invalid by the USPTO.

Plaintiff asserts that Claims 2-13, 15-18, 20, 21, 29-31, 33, 37-51, 52-61, 64-66, 68, 69, 77-80, 82, 86-95 were not challenged. Plaintiff now seeks to bring these claims against the Defendant in its Second Amended Complaint.

## II. Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure states that, after the initial period for amendments as of right, pleadings may only be amended by leave of court, which "[t]he court shall freely give when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts commonly use four factors to determine the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Ditto v. McCurdy*, 510 F.3d 1070, 1078-79 (9th Cir. 2007); *Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). "When weighing these factors . . . all inferences should be made in favor of granting the motion to amend." *Hofstetter v. Chase Home Fin., LLC*, 751 F. Supp. 2d 1116, 1122 (N.D. Cal 2010) (citing *Griggs v.*

*Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)). In accordance with the Federal Rules' liberal pleading standards, courts typically apply the policy of free amendment with much liberality. *DCD Programs, Ltd. V. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987), *citing United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

### III. Discussion

Plaintiff argues that this Court should grant his motion for leave to file an amended complaint because such motions are granted liberally. Plaintiff asserts that it has redrafted the complaint to more specifically allege the infringing conduct by Defendant and how that conduct infringes the elements of the claims. In addition, Plaintiff contends that the second amended complaint would be brought in good faith and with good cause, without undue delay or prejudice to Defendant.

"To show undue delay, the opposing party must at least show delay past the point of discovery." *SAES Getter S.p.A. v. Aeronex, Inc.*, 219 F.Supp.2d 1081 (S.D. Cal. 2002), *citing Hayes v. New England Millwork Distrib., Inc.*, 602 F.2d 15, 20 (1st Cir. 1979). Here, the instant action was stayed pending the reexamination and CBM reviews before the USPTO. And although this action first began in 2013, discovery has not yet begun. As such, the Court finds that there is no undue delay.

In addition, the Court finds that there is no bad faith. Courts have previously found bad faith when, for example, "the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories," *See Griggs v. Pace AM. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999) (citations omitted), or when plaintiffs attempt to use the amendment to change the warrantlessly change the nature or venue of the case, *see Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987). Plaintiff also offers tactics such as "seeking to add a defendant merely to destroy diversity jurisdiction" as another example of "bad faith." *Id*. Here, Plaintiff does not engage in any of those tactics. Since Plaintiff seeks to amend the complaint to "provide more detailed allegations of infringement" with respect to the claims that were not submitted for CBM and reexamination reviews, the Court finds that there no bad faith. ECF No. 118 at 3.

There is also no undue prejudice. Courts have typically found "undue prejudice" where the additional claims "would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Here, Plaintiff seeks to assert the same patent against the same defendants. As such, the litigation is not significantly altered, and the Court concludes that there is no undue prejudice to Defendant.

In addition, the Court finds that Plaintiff has articulated sufficient reasons why the amendment is not futile. While Courts can freely grant leave to amend under Rule 15, the Court may also deny leave for futility on a discretionary basis when a proposed amendment lacks a cognizable legal basis. *See Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992). Amendments can be considered futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 849 F.3d 646, 656 (9th Cir. 2017) (internal quotation omitted). Examples of futile amendments include those that are "duplicative of existing claims" or "patently frivolous." *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014) (alteration omitted). In other words, amendments are futile when they are clearly subject to dismissal. *See DCD Programs, Ltd.*, 833 F.2d at 188; *Moore v. Kayport Package Express*, 885 F.2d 531, 542 (9th Cir. 1989).

Denial of leave to amend for futility is rare since Courts typically defer consideration on the merits until after an amended pleading has been filed. *See, e.g., Green Valley Corp. v. Caldo Oil Co.*, No. 09-CV-04028-LHK, 2011 WL 1465883, at *6 (N.D. Cal. Apr. 18, 2011) (pointing that there is a "general preference against denying a motion for leave to amend based on futility); *Allen v. Bayshore Mall*, 12-cv-02368-JST, 2013 WL 6441504, at *5 (N.D. Cal. Dec. 9, 2013) ("The merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment."). Courts have liberally construed the standard for leave to amend on the basis that parties' arguments

are better developed through a motion to dismiss. And when the parties' arguments are more completely formed, Courts are better able to rule on the sufficiency of the allegations presented. This Court surmises that denial of leave to amend is even more remarkable and aberrant when Plaintiff has never before sought leave and has filed only his first iteration of the operative Complaint.

Here, Plaintiff has amended the complaint to bring only the claims of the '538 patent that were unchallenged during the CBM review and reexamination. Although Life Tech did challenge many claims of the '538 Patent, over 60 claims were left unchallenged. The remaining claims that Plaintiff now seeks to bring in this action were not subject to invalidation. As a result, there is no indication that these claims are clearly invalid and futile. Accordingly, the Court finds that Plaintiff's second amended complaint cannot be deemed obviously subject to dismissal.

**IV. Conclusion**

For the forgoing reasons, the Court will **GRANT** Plaintiff's Motion for Leave to file a Second Amended Complaint. ECF No. 118.

Dated: August 26, 2019

Hon. Gonzalo P. Curiel
United States District Judge